**FILED - GR**

September 18, 2008 2:38 PM

RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald /

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **Riza Cater,** | ) | |
| | ) | |
| Plaintiff, | ) | **1:08-cv-879** |
| | ) Hon. | |
| v. | ) | **Robert Holmes Bell** |
| | ) | **U.S. District Judge** |
| **Collectcorp Corporation,** | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### Complaint

### I.    Introduction

1.    This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

### II.    Jurisdiction

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

### III.    Parties

3.    Plaintiff Riza Cater is a natural person residing in Kent County, Michigan. Ms.

Cater is a "consumer" and "person" as the terms are defined and used in the FDCPA. Ms. Cater
is a "consumer," "debtor" and a "person" as the terms are defined and used in the MCPA.

4.     Defendant Collectcorp Corporation ("Collectcorp") is a Delaware corporation,
with offices at 455 North 3rd Street, Suite 260, Phoenix, Arizona 85004. The registered agent in
Michigan for Collectcorp is The Corporation Company, 30600 Telegraph Road, Bingham Farms,
Michigan 48025. Collectcorp is licensed (No. 2401001487) by the State of Michigan to collect
debts in Michigan. Collectcorp is a "debt collector" as the term is defined and used in the
FDCPA. Collectcorp is a "collection agency" and a "licensee" as the terms are defined and used
in the MCPA.

IV.    **Facts**

5.     Ms. Cater has an account with Bank of America (# XXXX-XXXX-XXXX-8778)
which she used to purchase goods and/or services on credit for personal, family and household
purposes. Any resulting obligation to pay money was a "debt" as the term is used in the FDCPA
and MCPA.

6.     Ms. Cater allegedly failed to pay the debt.

7.     Ms. Cater disputes the amount of the alleged debt.

8.     Apparently, the initial creditor or a successor in interest hired Collectcorp to
collect the disputed debt from Ms. Cater. Alternatively, Collectcorp purchased the disputed debt
after the account allegedly was in default.

9.     In August of 2008, a Collectcorp employee going by the name of Selena
repeatedly telephoned Ms. Cater and repeatedly left a recorded voice message, asking Ms. Cater
to return her call at 1-800-565-6198, Extension 4373. The Collectcorp employee repeatedly

2

failed to disclose in the message that the communication was from a debt collector.

10. In August of 2008, a Collectcorp employee going by the name of Jerry Webster telephoned Ms. Cater and left a recorded voice message, asking Ms. Cater to return his call at 1-877-433-7012. The Collectcorp employee failed to disclose in the message that the communication was from a debt collector.

11. In August of 2008, a Collectcorp employee going by the name of Douglas Martinez telephoned Ms. Cater and left a recorded voice message, asking Ms. Cater to return his call at 1-877-433-7012, Extension 8464. The Collectcorp employee failed to disclose in the message that the communication was from a debt collector.

12. In September of 2008, a Collectcorp employee going by the name of Brandon Dewey telephoned Ms. Cater and left a recorded voice message, asking Ms. Cater to return his call at 1-800-5656198, Extension 4356. The Collectcorp employee failed to disclose in the message that the communication was from a debt collector.

13. In September of 2008, a Collectcorp employee going by the name of Jeff telephoned Ms. Cater and left a recorded voice message, asking Ms. Cater to return his call at 1-877-433-7012, Extension 8466. The Collectcorp employee failed to disclose in the message that the communication was from a debt collector.

14. In September of 2008, a Collectcorp employee going by the name of Jonathan telephoned Ms. Cater and left a recorded voice message, asking Ms. Cater to return his call at 1-877-433-7012, Extension 8466. The Collectcorp employee failed to disclose in the message that the communication was from a debt collector.

15. In September of 2008, a Collectcorp employee going by the name of Moses

3

telephoned Ms. Cater and left a recorded voice message, asking Ms. Cater to return his call at 1-800-565-6198, Extension 4320. The Collectcorp employee failed to disclose in the message that the communication was from a debt collector.

16. Collectcorp placed the described telephone calls to Ms. Cater in attempts to collect a "debt" as the term is defined and used in the FDCPA and MCPA.

17. Each recorded telephone voice message left by Collectcorp for Ms. Cater was a "communication" as the term is used in the FDCPA and MCPA

18. Collectcorp repeatedly failed to disclose in the recorded telephone voice messages left for Ms. Cater that the communication was from a debt collector, and thereby repeatedly violated the FDCPA, 15 U.S.C. § 1692e(11), *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (2006); *Leyse v. Corporate Collection Services, Inc.,* 2006 WL 2708451 (SDNY Sept.18, 2006), and the MCPA.

19. It was and is the practice of Collectcorp in connection with the collection of debts to communicate with consumers by leaving a recorded voice message on the consumer's answering machine or voice mail without disclosing in the message that the communication is from a debt collector.

20. In or about September of 2008, Ms. Cater spoke by telephone with a male Collectcorp employee. In the ensuing conversation, the Collectcorp employee stated that derogatory information regarding the debt likely was being included on Ms. Cater's credit report, but falsely stated that if Ms. Cater paid the debt in full, then Bank of America would totally delete all derogatory information regarding the account from Ms. Cater's credit history and make it look like the derogatory events never happened. When Ms. Cater stated that she disputed the

4

debt, the Collectcorp employee repeatedly and falsely stated that Ms. Cater could not dispute the debt with Collectcorp and was required to contact Bank of America to dispute the debt. The Collectcorp employee falsely stated that Ms. Cater's oral dispute was without effect. The Collectcorp falsely threatened "legal action." Ms. Cater warned the Collectcorp employee that her employer did not allow her to take calls from debt collectors at work and that it was not convenient for her to receive calls at her place of employment from debt collectors.

21. Collectcorp continued to telephone Ms. Cater at her place of employment.

22. The unlawful debt collection methods, acts and practices of Collectcorp and its employees were willful. The violations of the FDCPA and MCPA by Collectcorp and its employees were willful.

23. As an actual and proximate result of the acts and omissions of Collectcorp and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

24. Plaintiff incorporates the foregoing paragraphs by reference.

25. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a) Defendant violated 15 U.S.C. § 1692c(a)(1).

b) Defendant violated 15 U.S.C. § 1692c(a)(3).

c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural

consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

e) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

f) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

26. Plaintiff incorporates the foregoing paragraphs by reference.

27. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or

6

threatened, and (ii) the legal rights of a creditor or debtor;

c)      Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity;

d)      Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at times or places which are known to be inconvenient to the debtor; and

e)      Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)      Actual damages pursuant to M.C.L. § 339.916(2);

b)      Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)      Statutory damages pursuant to M.C.L. § 339.916(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: September 18, 2008

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

7